John Houston Scott (SBN 72578)
Lizabeth N. de Vries (SBN 227215)
**SCOTT LAW FIRM**
13885 Sutter Street, Suite 715
San Francisco, CA 94109
Tel:  (415) 561-9600
Fax:  (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CARRETHERS<br><br>    Plaintiff,<br><br>v.<br><br>BAY AREA RAPID TRANSIT, J. MEHSERLE, F. GUANZON, K. SMITH, D. HORNER, R. HANEY and DOES 1-25, inclusive.<br><br>    Defendants. | Case No.:  CV 09-1101 MHP<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>-  42 U.S.C. §§ 1983, 1986<br>-  Cal. Civ. Code §§ 52.1, 51.7<br>-  Battery<br><br>***JURY TRIAL DEMANDED*** |

COMES NOW PLAINTIFF, KENNETH CARRETHERS, who complains of Defendants, and each of them, and alleges as follows:

## I.   JURISDICTION & VENUE

1.   This action arises under Title 42 of the United States Code §§ 1983 and 1986. Pendent state claims are alleged based on Cal. Civ. Code §§ 51.7 and 52.1 and battery.  Jurisdiction is conferred pursuant to Title 28 of the United States Code §§1331 and 1343. 2.

2.   The claims alleged herein arose in the County of Alameda in the State of California. Venue for this action lies in the United States District Court for the Northern District of California under 28 U.S.C. §1391 (b)(2).

**SCOTT LAW FIRM**
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

- 1 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

## II.   PARTIES

3.   Plaintiff Kenneth Carrethers is an African-American male residing in the City of Oakland, located in Alameda County, California.

4.   Defendant Bay Area Rapid Transit ("BART") is a public agency organized and existing under the laws of the State of California.

5.   Defendants J. Mehserle, F. Guanzon, K. Smith, D. Horner, and R. Haney were at all times mentioned herein police officers employed by BART and acted within the course and scope of their employment.

6.   The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 25 inclusive, are unknown to the plaintiff, who therefore sues said defendants by such fictitious names.  Defendants DOES 1 through 25, and each of them, were responsible in some manner for the injuries and damages alleged herein.  The true names and capacities of defendants DOES 1 through 25, and each of them, are presently unknown to plaintiff.  Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein.  Plaintiff therefore designates defendants DOES 1 through 25 by such fictitious names and when their names have been ascertained, plaintiff will amend this complaint to allege their true names and capacities.

7.   In doing the acts and/or omissions alleged herein Defendants acted within the course and scope of their employment for the BART and under color of authority and/or under color of state law.

8.   In doing the acts and/or omissions alleged herein Defendants acted in concert with each of said other Defendants herein.

9.   On or about March 23, 2009, the plaintiff filed a six-month tort claim under Government Code § 910 *et seq* against BART. In a letter dated May 9, 2009, BART rejected his claim.

- 2 -

1

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

### III.   STATEMENT OF FACTS

10. On November 15, 2008 at approximately 10:30 p.m. plaintiff Kenneth Carrethers exited a BART train at the Coliseum Station in Oakland, California.  He was returning home from work and was carrying a canvas bag with books and personnel belongings in one hand and a paper bag with 20 rolls of bath tissue in the other.

11. Plaintiff was having a conversation with another BART passenger as he exited the train. He observed a number of uniformed police officers casually standing around the station. He remarked that his car was recently broken into near the station and implied that it occurred because the officers were lazy and incompetent.

12. Plaintiff was approached by Defendant J. Mehserle and another officer. A verbal exchange occurred. As the plaintiff walked away he was grabbed from behind, assaulted and taken to the ground by J. Mehserle.  Soon thereafter Mehserle was joined and aided by Defendants F. Guanzon, D. Horner and R. Haney.

13. The other officers at the scene failed to intervene and stop the assault and/or assisted J. Mehserle in beating Carrethers.  The plaintiff was arrested for threatening J. Mehserle in violation of Penal Code § 69 and for resisting arrest in violation of Penal Code § 148.

14. Plaintiff was then transported by J. Mehserle to the Valley Care Medical Center in Pleasanton for emergency medical treatment.  During the ride to the hospital J. Mehserle asked the plaintiff if he had learned not to mess with police.

15. Plaintiff was then taken to the Santa Rita jail and was incarcerated for two days. He had to post bail to be released from custody.

16. Plaintiff was prosecuted for violating Penal code § 148 by resisting and obstructing J. Mehserle in discharging his duty as a peace officer.  This charge was based on false statements made by J. Mehserle in his police report.  The charge was ultimately dismissed after the plaintiff retained private counsel.

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

## IV.    STATEMENT OF DAMAGES

17. Plaintiff suffered general damages including pain, fear, anxiety and humiliation in an amount to be determined according to proof.

18. As a result of the acts and omissions alleged herein, plaintiff has sustained lost earnings and benefits. In addition, plaintiff has suffered and will continue to suffer damage to his earning capacity and career in an amount to be determined according to proof.

19. As a result of the acts and/or omissions alleged herein, plaintiff has incurred and may continue to incur medical treatment and related expenses in amounts to be determined according to proof.

20. The acts and/or omissions of defendants J. Mehserle, F. Guanzon, K. Smith, D. Horner, and R. Haney were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of plaintiff.  Plaintiff therefore prays for an award of punitive and exemplary damages against these defendants according to proof.

21. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorneys' fees.


## V.    CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION
[42 U.S.C. §1983 – EXCESSIVE FORCE]

22. Plaintiff  hereby realleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

23. Defendants J. Mehserle, F. Guanzon, K. Smith, D. Horner, and R. Haney used excessive and unreasonable force against plaintiff in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

- 4 -

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

**SECOND CAUSE OF ACTION**
[42 U.S.C. §1983 – MUNICIPAL LIABILITY]
[AGAINST BART]

24. Plaintiff  hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

25. The acts and/or omissions of Defendants J. Mehserle, F. Guanzon, K. Smith, D. Horner, and R. Haney as alleged herein (1) were caused by inadequate and arbitrary training, supervision, and/or discipline of officers by BART regarding the use of force; (2) were caused by deliberate indifference of BART to the excessive use of force; and/or (3) were ratified by final decision-makers of the BART.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
[42 U.S.C. § 1986 – FAILURE TO INTERVENE]
[AGAINST F. GUANZON, K. SMITH, D. HORNER AND R. HANEY]

26. Plaintiff hereby realleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

27. Defendants F. Guanzon, K. Smith, D. Horner, and R. Haney were responsible to take reasonable steps to intervene to protect the plaintiff from unnecessary and unreasonable force by J. Mehserle.  By failing to intervene and stop the assault the plaintiff was injured and damaged.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
[42 U.S.C. §1983– MALICIOUS PROSECUTION]
[AGAINST J. MEHSERLE ONLY]

28. Plaintiff hereby realleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

29. The plaintiff was falsely arrested and maliciously prosecuted based on false information provided to the District Attorney's Office by defendant J. Mehserle.  Specifically, J. Mehserle falsely accused the plaintiff of threatening him in violation of Penal Code § 69 and resisting and obstructing him in violation of Penal Code § 148 on November 15, 2008.

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

30. As a result of these false allegations the plaintiff was criminally prosecuted for a violation of Penal Code § 148 on November 18, 2008.  That charge was dismissed by the District Attorney on or about February 11, 2009.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
[42 U.S.C. §1983– CUSTOM AND PRACTICE]
[AGAINST BART ONLY]

31. Plaintiff hereby realleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

32. The plaintiff has information and believes that there exists a custom and practice among BART police officers of provoking or escalating encounters with citizens in order to create a pretext for false arrests and the unnecessary use of force.  This includes a custom and practice of failing to intervene to stop officers from falsely arresting and assaulting citizens who fail the "attitude test."  This also includes a custom and practice of using Penal Code §§ 69 or 148 as "cover charges" to justify wrongful conduct.  BART was deliberately indifferent to this custom and practice.  In addition, this custom and practice was authorized, condoned and/or ratified by supervisors and management within the BART Police Department.

33. This custom and practice was the moving force behind the false arrest and assault of the plaintiff alleged herein.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
[BATTERY]
[AGAINST J. MEHSERLE ONLY]

34. Plaintiff hereby realleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

35. Officer Mehserle intentionally touched Kenneth Carrethers.

36. Officer Mehserle used unreasonable force to arrest the plaintiff.

37. Kenneth Carrethers did not consent to the use of that force and was harmed.

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

38. Officer Mehserle's use of unreasonable force was a substantial factor in causing plaintiff's harm.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
[CAL. CIV. CODE § 52.1]
[AGAINST ALL DEFENDANTS]

39. Plaintiff hereby realleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

40. Defendants interfered with or attempted to interfere with Kenneth Carrether's right to criticize the police by threatening or committing violent acts.

41. Plaintiff reasonably believed that if he exercised his right to free speech, defendants would commit violence against him or his property.

42. Defendants injured plaintiff to prevent him from exercising his right to free speech or retaliated against the plaintiff for having exercised his right.

43. Plaintiff was harmed.

44. Defendants' conduct was a substantial factor in causing his harm.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
[CAL. CIV. CODE § 51.7]
[AGAINST ALL DEFENDANTS]

45. Plaintiff hereby realleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

46. Defendants threatened or committed violent acts against Kenneth Carrethers.

47. A motivating reason for defendants' conduct was their perception of plaintiff's race or color.

48. Plaintiff was harmed.

49. Defendants' conduct was a substantial factor in causing his harm.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

1

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, as follows.

1.      For compensatory and economic damages according to proof;

2.      For general damages according to proof;

3.      For an award of punitive and exemplary damages against only defendants J. Mehserle, F. Guanzon, K. Smith, D. Horner, and R. Haney according to proof;

4.      For an award of attorneys' fees and costs;

5.      For all heightened and statutory remedies permitted by law;

6.      For injunctive relief designed to remedy the unlawful policies, customs and practices alleged herein.

7.      For other and further relief as the Court may deem just, necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

Dated:  June __, 2009                                SCOTT LAW FIRM


By:   /s/ Lizabeth N. de Vries
       Lizabeth N. de Vries
       Attorneys for Plaintiff

- 8 -