United States District Court
For the Northern District of California

1
2
3
4
5          UNITED STATES DISTRICT COURT

6          NORTHERN DISTRICT OF CALIFORNIA

7

8   KENNETH CARRETHERS,                           No. C-09-1101 EMC

9              Plaintiff,
                                                  **COURT'S PROPOSED JURY**
10        v.                                      **INSTRUCTIONS**

11  BAY AREA RAPID TRANSIT, et al.,

12             Defendants.
    _____/
13

14

15        Attached are the Court's proposed Jury Instructions.  The parties shall meet and confer and

16  reach agreement on the instructions, taking into account the Court's comments.  The parties shall file

17  and submit to the Court two chambers copies of an agreed upon set of instructions by 4:00 p.m.,

18  November 16, 2011.  If there are remaining disputes as to any instructions, the parties shall file their

19  respective proposed instructions. If there are any objections as to the instructions proposed by the

20  Court, they shall be filed as well by said deadline.

21

22        IT IS SO ORDERED.

23

24  Dated:  November 14, 2011

25                                                _____
26                                                EDWARD M. CHEN
                                                  United States District Judge
27

28

**JURY INSTRUCTION NO. 1**

**PRELIMINARY STATEMENT TO THE JURY**

Plaintiff Kenneth Carrethers encountered Defendant BART Officers Johannes Mehserle, Keith Smith, Bob Haney, Fred Guanzon and Doug Horner at the Coliseum BART station on the night of November 15, 2008.  Plaintiff alleges that he made statements to the Officers which were critical of the BART police, and asserts that as a result of those statements the Officers falsely arrested him and used excessive force against him during the arrest. Plaintiff further alleges that Defendant Mehserle maliciously prosecuted him and committed battery against him.  Defendants contend that during the encounter Plaintiff mad verbal and physical threats against the Officers, and they therefore had probable cause to arrest Plaintiff.  Defendants further contend that Plaintiff resisted arrest.  Plaintiff denies he threatened any Officers, and denies that he resisted arrest.  All the Defendants deny Plaintiff's allegations.

Court Notes: The parties have stipulated to this preliminary statement.  *See* Docket No. 77.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 2**

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.1A.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**JURY INSTRUCTION NO. 3**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.19.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**JURY INSTRUCTION NO. 4**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.13.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 5**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.14.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**JURY INSTRUCTION NO. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits which are received into evidence; and

3.    Any facts to which the lawyers have agreed.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.6.

Court Notes: The Court has identified this instruction as one to be given absent objection.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 7**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.7.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**JURY INSTRUCTION NO. 8**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.8.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.9.

Court Notes: The Court has identified this instruction as one to be given absent objection.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.11.

Court Notes: The Court has identified this instruction as one to be given absent objection.

# JURY INSTRUCTION NO. 11

## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.11.

Court Notes: The Court has identified this instruction as one that would be helpful for the jury in this case, and will give it absent objection.

**United States District Court**

For the Northern District of California

-12-

**JURY INSTRUCTION NO. 12**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.10.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**JURY INSTRUCTION NO. 13**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.18.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**JURY INSTRUCTION NO. 14**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.3.

Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 15**

**BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

Authority: CACI 201

Court Notes: The parties dispute when this instruction should be given due to Defendants' motion to bifurcate (MIL 5), which the Court has granted in part and denied in part.  However, the parties do not dispute the language of the instruction and they agree that it pertains only to punitive damages under California law.  Accordingly, the Court will give this instruction to the jury along with the preponderance of the evidence instruction before the trial begins, absent objection.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 16**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that [plaintiff's claims]. The plaintiff has the burden of proving these claims.

The defendant denies those claims [and also contends that [defendant's counterclaims and/or affirmative defenses]]. [The defendant has the burden of proof on these [counterclaims and/or affirmative defenses.]]

[The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]

Authority: 9th Cir. Model Civil Jury Instruction No. 1.2.

Court Notes: The Court has identified this instruction as one to be given absent objection.  The parties are directed to submit their proposed insertions to complete this instruction no later than November 16, 2011.

**JURY INSTRUCTION NO. 17**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as an Exhibit.  You should therefore treat these facts as having been proved.

1.      Plaintiff's contact with Defendant Officers began on the evening of November 15, 2008 at approximately 10:35 p.m. at the Oakland Coliseum BART station.

2.      Plaintiff's contact with Defendant Officers concluded at approximately 3:30 a.m. on November 16, 2008 when Plaintiff was booked into the Santa Rita Jail Facility located in Dublin, California.

3.      During all interactions with Plaintiff on November 15 and 16, 2008, the individual Defendants were acting in the course and scope of their employment as BART police officers.

4.      Plaintiff made statements to Defendants Mehserle and Horner that were critical of the BART police (the exact nature of the statements is in dispute and to be resolved by the jury).

5.      Plaintiff did not physically touch any BART police officer prior to being grabbed from behind by Defendant Mehserle.

6.      Plaintiff was arrested by BART officers.  Defendant Mehserle was the arresting officer.

7.      All of the Defendant officers used force against Plaintiff.

8.      All of the Defendant officers intentionally touched Plaintiff.

9.      Plaintiff did not consent to being touched by Defendants.

10.     Plaintiff suffered injury during the arrest.

11.     Multiple video cameras were present in the Oakland Coliseum BART station on the date of the incident.  It is unknown if those cameras captured the subject incident.

12.     Defendant Mehserle knew that the BART station had multiple video cameras in the vicinity of the incidents that gave rise to this arrest, but, did not request that any of the videotape be reviewed or preserved.

13.     To the parties' knowledge, no one requested that video of the incident be reviewed or preserved.

United States District Court

For the Northern District of California

14.     If any video of the incident existed, it was not preserved and is no longer available.

15.     On November 15, 2008, Defendant Mehserle executed a declaration asserting that there was probable cause to believe that Plaintiff violated Penal Code Sections 69 and 148.

16.     Given that Defendant Mehserle was the arresting officer and executed the probable cause declaration supporting arrest, it is not disputed that Mehserle was actively involved in causing Plaintiff to be prosecuted.

17.     Plaintiff was criminally charged with violation of Penal Code section 148(a)(1).

18.     On January 29, 2009, the criminal charges against Plaintiff were dismissed upon motion by the District Attorney due to insufficient evidence.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.2.

Court Notes: The stipulated facts above were submitted by the parties in their pretrial conference order, Docket No. 66 at 4-5.  Should the parties wish to make any changes to this list, they shall submit a joint revised instruction no later than November 16, 2011.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 18**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Authority: 9th Cir. Model Civil Jury Instruction No. 2.4.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 19**

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

You may write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I or the attorneys do not ask a proposed question, or if it is rephrased, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

Authority: 9th Circuit Model Civil Jury Instruction No. 1.15

**JURY INSTRUCTION NO. 20**

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed you deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news of media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

United States District Court

For the Northern District of California

trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Authority: 9th Cir. Model Jury Instruction No. 1.12.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 21**

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.1C.

Court Notes: The Court has identified this instruction as one to be given absent objection.  This instruction will be given after all evidence has been presented.

**JURY INSTRUCTION NO. 22**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiff Kenneth Carrethers brings his claims of excessive force and malicious prosecution under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Authority: 9th Cir. Model Civil Jury Instruction No. 9.1

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 23**

**SECTION 1983 – ELEMENTS & BURDEN OF PROOF**

In order to prevail on his § 1983 claims against Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner, and Robert Haney, plaintiff Kenneth Carrethers must prove each of the following elements by a preponderance of the evidence against each defendant:

    1.    Each defendant acted under color of law; and

    2.    The acts of each defendant deprived the plaintiff of his First and/or Fourth Amendment rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties agree that defendants Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner, and Robert Haney were acting under color of law at all relevant times.

If you find the plaintiff Kenneth Carrethers has proved the second element, ~~each of these elements~~, and if you find that the plaintiff has proved all the elements he is required to prove under ~~the~~ either Instructions ~~that deal with the particular rights under the First and/or Fourth Amendments of the United States Constitution~~ [___ First Amendment] and/or Instruction [___ Fourth Amendment] as to any defendant, your verdict should be for the plaintiff as to that defendant. If, on the other hand, the plaintiff has failed to prove any one or more of these elements as to any defendant, your verdict should be for that defendant.


Authority: 9th Cir. Model Civil Jury Instruction No. 9.2

Court Notes: The parties have stipulated to this instruction. The Court has made changes as noted above to make the instruction more clear for the jury. In addition, the Court notes that, despite the parties' reference to "[i]nstructions that deal with the particular rights under the First and/or Fourth Amendments of the United States Constitution," the parties have not provided an instruction on the First Amendment. The parties are instructed to provide such a stipulated instruction to the Court no later than November 16, 2011, in accordance with the Court's pretrial conference order.

United States District Court
For the Northern District of California

# JURY INSTRUCTION NO. 24

## PARTICULAR RIGHTS – FOURTH AMENDMENT

## UNREASONABLE SEIZURE OF PERSON – GENERALLY

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove the Defendants deprived Plaintiff Carrethers of this Fourth Amendment right, he must prove the following additional elements by a preponderance of the evidence:

1.      Defendants seized the plaintiff's person;

2.      In seizing the plaintiff's person, Defendants acted intentionally; and

3.      The seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he or she restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

1.      The number of officers present;

2.      Whether weapons were displayed;

3.      Whether the encounter occurred in a public or nonpublic setting;

4.      Whether the officer's manner would imply that compliance would be compelled; and

5.      Whether the officers advised the plaintiff that he was free to leave.

Authority: 9th Circuit Model Civil Jury Instruction 9.18

Court Notes: The Court has identified this instruction as one that would be helpful to the jury. While the parties have not proposed it, it is the general instruction regarding unreasonable seizures and is intended to be given in conjunction with the 1983 elements instruction (9.2) and the excessive force instruction (9.22).  The Court proposes it to help bridge the gap between 9.2 (which explains the general elements of 1983 liability, that defendants act under color of law and deprive a

constitutional right), and 9.22 (which explains that a seizure is unreasonable if an officer uses excessive force).

The Court has provided the standard instruction above without substantive modification, but some modification may be warranted given the parties' stipulated facts. The parties are instructed to submit any objections to or proposed modifications of this instruction in accordance with the Court's deadlines.

**JURY INSTRUCTION NO. 25**

**FOURTH AMENDMENT – EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself or others.  Thus, in order to prove an unreasonable seizure in this case, plaintiff Kenneth Carrethers must prove by a preponderance of the evidence that Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner, and Robert Haney used excessive force against plaintiff Kenneth Carrethers on November 15, 2008.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the defendants used excessive force in this case, consider all of the circumstances known to the defendants on the scene, including:

1.      The severity of the crime or other circumstances to which the officers were responding;

2.      Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3.      Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.      The amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary;

5.      The type and amount of force used;

6.      The availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff.

Authority: 9th Cir. Model Civil Jury Instruction No. 9.22

Court Notes: The parties have stipulated to this instruction.

United States District Court

For the Northern District of California

1

2

**JURY INSTRUCTION NO. 26**

**INTEGRAL PARTICIPATION**

3      Where the Plaintiff Kenneth Carrethers is unable to identify which defendant police officers

4 engaged in the alleged excessive force, he may establish an officer's liability by showing that the

5 officer was an integral participant in the unlawful conduct.  Integral participation does not require

6 that each officer's actions themselves rise to the level of a constitutional violation.  However, it does

7 require some fundamental involvement in the conduct that allegedly caused the violation.  An officer

8 who is a mere bystander is not an integral participant.

9

10 Court Notes: Defendants object to any "integral participation" instruction because Plaintiff has

11 abandoned his § 1986 theory of liability for failure to intervene.  *See* Joint Proposed Jury

12 Instructions, Docket No. 72 at 9-10.  However, as Plaintiff points out, integral participation is a part

13 of § 1983 liability distinct from § 1986.  *See Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir.

14 2004) (explaining integral participation liability under § 1983).  Thus, defendants may be held liable

15 for unconstitutional conduct against Plaintiff if they are shown to be integral participants in the

16 violation.  *Id.* (stating that a "jury [may] find the officers liable for their 'integral participation' in

17 the unlawful conduct").

18      Nonetheless, the Court finds that neither party's proposed instruction correctly states the law

19 of integral participation.  While *Jones v. Williams* indicates that a group liability instruction may be

20 proper when the scene is "under [the officers'] exclusive control" and "the actions of the police

21 officers deprive the victim of any chance to learn exactly which officer took what actions," 297 F.3d

22 at 938 n.7, *Jones* does not condone a group liability instruction based on mere presence at the scene,

23 as Plaintiff's instruction suggests. *See id.* at 937 ("[A]llowing the jury to find individual officers

24 liable when there is no evidence to link them to specific actions would have been erroneous as a

25 matter of law."); *Chuman*, 76 F.3d at 293 ("Being a mere bystander [is] insufficient.");

26 *Blankenhorn*, 485 F.3d at 481 n.12 ("'[I]ntegral participation does not require that each officer's

27 actions themselves rise to the level of a constitutional violation.'  But it does require some

28 fundamental involvement in the conduct that allegedly caused the violation.") (quoting *Boyd*, 374

F.3d at 780); *see also Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009) ("While the 'integral participant' rule may extend liability beyond simply those officers who provide 'armed backup,' it is clear that an officer who waits in the front yard interviewing a witness and does not participate in the unconstitutional search in any fashion cannot be held liable under *Chuman*.") (citation omitted).  On the other hand, the Court declines to use Defendants' proposed instruction, as the words "advance planning or active coordination or involvement" do not appear in any of the Ninth Circuit cases to which the parties cite and of which the Court is aware.  Instead, the Court proposes the above instruction, which quotes heavily from the relevant case law described above.

**JURY INSTRUCTION NO. 27**

**CAUSATION**

In order to establish that the acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in earlier instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.


Authority: 9th Cir. Model Civil Jury Instruction No. 9.8

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 28**

**SECTION 1983 – MALICIOUS PROSECUTION**

Plaintiff Kenneth Carrethers claims that Johannes Mehserle wrongfully caused a criminal proceeding to be brought against him. To establish this claim, Carrethers must prove all of the following:

       1.     That Mehserle was actively involved in causing Carrethers to be prosecuted;

       2.     That the criminal proceeding ended in Carrethers's favor;

       3.     That Mehserle lacked probable cause to arrest and prosecute Carrethers.

       4.     That Mehserle acted primarily for a purpose other to bring Carrethers to justice;

       5.     That Carrethers was harmed; and

       6.     That Mehserle's conduct was a substantial factor in causing Carrethers's harm.

Carrethers must also prove the Mehserle acted with the intent to deprive Carrethers of his rights under the United States Constitution under either: (1) the First Amendment, which prohibits retaliation for criticizing the police; or (2) the Fourth Amendment, which prohibits the use of excessive force.

The Court has already determined that the criminal proceeding was terminated in Plaintiff Carrethers's favor.  Therefore, you must treat element 2 as satisfied.


Court Notes:

Element 2 - Favorable Termination

As discussed with respect to Plaintiff's fourth MIL, the Court finds that because the charges against Plaintiff were dismissed for insufficient evidence, there has been a termination in Plaintiff's favor as a matter of law.  Accordingly, the instruction must inform the jury that element 2 has been satisfied.

Element 3 - Probable Cause

With respect to element 3, probable cause presents a legal question, but one that is underpinned by factual determinations.  As the California Supreme Court explained in *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 877 (1989), "What facts and circumstances amount to

1    probable cause is a pure question of law. Whether they exist or not in any particular case is a pure

2    question of fact. The former is exclusively for the court, the latter for the jury."  Thus, if, as in

3    *Sheldon Appel*, there were no disputed issues of fact, the Court could make the probable cause

4    determination without submitting the question to the jury.  *See id.* at 868 ("[W]hen, as in this case,

5    there is no dispute as to the facts upon which an attorney acted in filing the prior action, the question

6    whether there was probable cause to institute the prior action is purely a legal question, to be

7    determined by the trial court on the basis of whether, as an objective matter, the prior action was

8    legally tenable or not.").

9            However, in the instant case, because there are factual disputes remaining, the question is

10   appropriate for the jury.  *See McKenzie v. Lamb*, 738 F.2d 1005, 1007-1008 (9th Cir.1984) ("[I]n a §

11   1983 action the factual matters underlying the judgment of reasonableness generally mean that

12   probable cause is a question for the jury, and summary judgment is appropriate only if no reasonable

13   jury could find that the officers did or did not have probable cause to arrest."); *Levin v. United*

14   *Airlines*, 158 Cal. App. 4th 1002, 1018-19 (2008) ("[W]here the evidence is conflicting with respect

15   to probable cause, it [is] the duty of the court to instruct the jury as to what facts, if established,

16   would constitute  probable cause.  The jury then decides whether the evidence supports the

17   necessary factual findings.") (internal citations and quotation marks omitted); *Sierra Club Found. v.*

18   *Graham*, 72 Cal. App. 4th 1135, 1154 (1999) ("The question of probable cause is one of law, but if

19   there is a dispute concerning the defendant's knowledge of facts on which [the initial prosecution

20   was] based, the [trier of fact] must resolve that threshold question.").  The Ninth Circuit model jury

21   instructions for probable cause to arrest provide the appropriate legal standard for the jury to apply

22   to the facts as they find them.  Compare *Ecker v. Raging Waters Group, Inc.*, 87 Cal. App. 4th 1320,

23   1330 (2001) ("When ... the claim of malicious prosecution is based upon the initiation of a criminal

24   prosecution, the question of probable cause is whether it was objectively reasonable for the

25   defendant ... to suspect the plaintiff ... had committed a crime."*), with* 9th Circuit Model Civil Jury

26   Instruction No. 9.20 ("'Probable cause' exists when, under all of the circumstances known to the

27   officer[s] at the time, an objectively reasonable police officer would conclude there is a fair

28   probability that the plaintiff has committed or was committing a crime.").

Accordingly, the Court finds that it is appropriate to give the jury an instruction on probable cause.  The Court proposes changing the language in Element 3 to include the words "probable cause," so that the jury will understand it needs to refer to the probable cause instruction (discussed below) as part of its malicious prosecution determination.  This comports with the phrasing courts have used to describe § 1983 claims of malicious prosecution.  *See, e.g.*, *Awabdy*, 368 F.3d at 1066 ("In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.") (citations omitted).

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 29**

**PROBABLE CAUSE TO ARREST & PROSECUTE**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer–in this case, Johannes Mehserle–had probable cause to believe the plaintiff had committed or was committing a crime.

In order to prove Plaintiff Kenneth Carrethers's malicious prosecution claim against Joannes Mehserle whether a reasonable person in Johannes Mehserle's circumstances would have believed that there were grounds for causing plaintiff to be arrested or prosecuted, Carrethers must prove by a preponderance of the evidence that he was arrested and prosecuted without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under California law, it is a crime to attempt, by means of any threat or violence, to deter or prevent a police officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, a police officer in the performance of his duty.

The crime for which Carrethers was prosecuted was resisting arrest.  Under California law, it would be a crime for Carrethers to willfully resist, delay, or obstruct a police officer in the lawful performance or attempted performance of the officer's duties in the discharge or attempt to discharge any duty of his or her office or employment, if Carrethers knew, or reasonably should have known, that the person was a police officer performing or attempting to perform his duties.

Thus, in order to arrest Carrethers for resisting arrest, Officer Mehserle must have had probable cause to believe that each of the following was true:

1.  That when Carrethers acted, he knew, or reasonably should have known, that Mehserle was a police officer performing or attempting to perform his duties;

2.  That when Carrethers acted, Mehserle was lawfully performing his duties.  A police officer is not lawfully performing his duties if:

a.  He arrests someone without probable cause; or

b.  He uses unreasonable or excessive force in making the arrest.

**United States District Court**
For the Northern District of California

    **3.**       That Carrethers willfully and unlawfully resisted arrest.  If the police officer in this case used unreasonable or excessive force while arresting or attempting to arrest Carrethers, Carrethers was entitled to use reasonable force to defend himself.  To constitute reasonable force in defending against the police use of unreasonable or excessive force, Carrethers must have:

          **a.**      Used that degree of force that he actually believed was reasonably necessary to protect himself from the officers' use of unreasonable or excessive force; and

          **b.**      Used no more force than a reasonable person in the same situation would believe is necessary for his protection.

If Officer Mehserle did not have probable cause to believe each of (1), (2), and (3) was true, he did not have a lawful basis to arrest Carrethers.

~~Under California law, it is a crime to unlawfully fight in a public place or challenge another person in a public place to fight~~.

Authority: 9th Cir. Model Civil Jury Instruction No. 9.20; CALCRIM 2656, 2670; *People v. White*, 101 Cal. App. 3d 161, 168 (1980); *People v. Gonzalez*, 51 Cal.3d 1179, 1217 (1990).

Court Notes: Plaintiff objects to including an instruction regarding Cal. Penal Code § 415(a)(1), because Plaintiff was not arrested or prosecuted for under that statute.  In addition, Plaintiff objects to giving the probable cause instruction without an instruction on lawful resistance to arrest.  The Court has made a number of changes to Defendants' proposed instruction in response to Plantiff's objection and other concerns.

    First, as a preliminary matter, the Court proposes changing Defendants' proposed paragraph 2 to refer back to the malicious prosecution instruction.  Defendants' proposed paragraph is confusing as it restates part of the malicious prosecution claim but does not specifically refer to it.

    Second, the Court finds that the instruction on only Cal. Penal Code § 148(a)(1) is relevant to the malicious prosecution claim.  The state court docket sheet (and the parties' undisputed facts) indicates that Plaintiff was only charged with one violation, Cal. Penal Code § 148(a)(1), which criminalizes "[e]very person who willfully resists, delays, or obstructs any public officer [or] peace

United States District Court

For the Northern District of California

1    officer . . . in the discharge or attempt to discharge any duty of his or her office or employment."

2    The California Supreme Court has confirmed that a plaintiff can maintain a malicious prosecution

3    claim against a defendant who asserted just one cause of action without probable cause in the

4    underlying litigation, even if other causes of action were supported by probable cause.  *See Bertero*

5    *v. National General Corp.*, 13 Cal.3d 43, 55 & n.4 (1974) (affirming a jury instruction stating that "a

6    defendant in a malicious prosecution action cannot escape liability for the malicious prosecution of a

7    claim for which he did not have probable cause by joining it with a claim for which he did have

8    probable cause to assert"), *reaffirmed by Crowley v. Katleman*, 8 Cal.4th 666, 694 (1994); *Citi–Wide*

9    *Preferred Couriers v. Golden Eagle Ins. Corp.*, 114 Cal.App.4th 906, 913 (2003).  It follows that,

10   where only one violation is asserted in the underlying action, that is the only relevant basis for the

11   probable cause analysis, as each violation asserted must be supported by probable cause.  Therefore,

12   the Court has deleted the references to other criminal statutes above.

13        Third, Plaintiff is correct that an instruction on resistance to unlawful arrest is required.  The

14   California Criminal Jury Instructions reflect the California Court of Appeal's mandate that "[o]nce

15   the use of excessive force by the officers [becomes] an issue, it [is] necessary to explain further that

16   where an officer uses unreasonable or excessive force in making an arrest, the person arrested has

17   the right to use reasonable force to protect himself."  *People v. White*, 101 Cal. App. 3d 161, 168

18   (1980).  Indeed, it is the "long-standing rule in California and other jurisdictions that although one is

19   not immune from criminal liability for his resistance to an invalid police action, he cannot be

20   convicted of an offense against a peace officer 'engaged in ... the performance of ... duties' unless the

21   officer was acting lawfully at the time."  *People v. Gonzalez*, 51 Cal.3d 1179, 1217 (1990) (citations

22   omitted); *Walker v. Fresno Police Dept.*, No. CV-F-04-6329 REC SMS, 2006 WL 1084778 (E.D.

23   Cal. Apr. 25, 2006) ("[A] defendant cannot be convicted under Section 148 'of an offense against an

24   officer engaged in the performance of official duties unless the officer was acting lawfully at the

25   time.'") (quoting *People v. Simons*, 42 Cal.App. 4th 1100, 1109 (1996)); *see also* CALCRIM 2670

26   ("[Y]ou may not find the defendant guilty of resisting arrest if the arrest was unlawful, even if the

27   defendant knew or reasonably should have known that the officer was arresting him.").  Thus, the

28

1    Court has proposed an instruction above that incorporates the requirement that Mehserle was acting

2    lawfully at the time he arrested Plaintiff.

3         More broadly, a full instruction on the elements of the relevant crime (in this case Cal. Penal

4    Code 148(a)(1)), rather than the single sentence provided by Defendants, would be helpful to ensure

5    the jury understands what conduct would trigger probable cause.  *See* 9th Circuit Model Civil Jury

6    Instruction 9.20 (using the following template language: "Under [federal] [state] law, it is a crime to

7    [*insert elements or description of applicable crime for which probable cause must have existed*].");

8    *Levin v. United Airlines*, 158 Cal. App. 4th at 1019 (probable cause instruction "entailed explaining

9    to the jury the elements of a violation of [the statute under which plaintiff was arrested]—i.e., the

10   necessary factual findings for a suspected violation—and relating those elements to the ultimate

11   issue of probable cause"). Therefore, the Court has adapted the language of CALCRIM 2656, the

12   instruction on Cal. Penal Code 148, to include above.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 29A**

**RIGHT TO RESIST LAWFUL ARREST**

~~It is a public offense for an officer to use unreasonable or excessive force in effecting an~~ ~~arrest. When an officer uses unreasonable or excessive force, he is not acting in the performance of~~ ~~his duty. The person arrested by an officer using unreasonable or excessive force has the right to use~~ ~~reasonable force to protect himself.~~

Authority: CACI 1305; *People v. White*, 101 Cal. App. 3d 161, 168 (1980).

Court Notes: The previous instruction regarding probable cause renders this instruction unnecessary.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 30**

**QUALIFIED IMMUNITY**

Defendants Fred Guanzon, Keith Smith, Douglas Horner, Johannes Mehserle and Robert Haney have asserted the defense of qualified immunity.  This defense applies to plaintiff's federal claims for (1) excessive force in violation of the Fourth Amendment, alleged against all defendants, and (2) malicious prosecution, alleged against Johannes Mehserle only.

The qualified immunity defense shield from liability law enforcement officers performing discretionary functions of their job, so long as their conduct does not violate clearly established federal rights.  Even if an officer violates a plaintiff's rights, that officer is entitled to qualified immunity if the officer objectively could have believed that his conduct was lawful.

The question is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  The protection of qualified immunity applies regardless of whether the officer's error is a mistake of law or fact.  If the officer's mistake as to what the law requires in the situation he confronted is reasonable, the officer is entitled to the immunity defense and cannot be liable to plaintiff.

If you decide that one of more of the defendants violated a federally protected right of plaintiff, you must next decide whether:

> (1)     A reasonable officer in that situation would have known that the law prohibited his conduct; and
>
> (2)     If the officer's perception of the events was mistaken, whether that perception was unreasonable under the circumstances.

If your answer to either of the above questions is "no," then the officer(s) cannot be liable for violation of a federally protected right.

Authority: 9th Circuit Model Civil Jury Instructions Comment 9.26; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9 th Cir. 1993); *Saucier v. Katz*, 533 U.S. 194, 202, 205 (2001); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

1   Court Notes: Plaintiff objects to this instruction on the grounds that qualified immunity has already

2   been denied; however it appears that it has never been raised outside the pleadings.  Qualified

3   immunity is therefore still at issue in this case.

4          The instruction suggested by Defendants here assumes the parties would stipulate to submit

5   the question to the jury.  Unless the parties stipulate, qualified immunity is normally an ultimate an

6   issue for the Court to decide.  *See Tortu v. Las Vegas Metropolitan Police Dept.*, 556 F.3d 1075,

7   1085 & n.9 (9th Cir. 2009) ("In applying the Supreme Court authority, we conclude that a qualified

8   immunity analysis consists of two steps. The first step analyzes whether a constitutional right was

9   violated, which is a question of fact. The second examines whether the right was clearly established,

10  which is a question of law.  Step two serves the aim of refining the legal standard and is solely a

11  question of law for the judge."); *Kerman v. City of New York*, 374 F.3d 93, 109 (2d Cir. 2004) ("If

12  there are unresolved factual issues which prevent an early disposition of the defense, the jury should

13  decide these issues on special interrogatories. The ultimate legal determination whether . . . a

14  reasonable police officer should have known he acted unlawfully should be made by the court on the

15  facts found by the jury.") (internal citations and quotation marks omitted).

16         Accordingly, as discussed at the pretrial conference, absent a stipulation to submit the entire

17  issue to the jury, the parties are directed to provide the Court with a list of special interrogatories or

18  other proposal for addressing the issue of qualified immunity. The parties shall provide this proposal

19  to the Court no later than November 15, 2011, pursuant to the Court's pretrial conference order.

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 31**

**BANE ACT – CAL. CIV. CODE SECTION 52.1**

Kenneth Carrethers claims that defendants Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner, and Robert Haney intentionally interfered with or attempted to interfere with his civil rights by threatening or committing violent acts. To establish this claim, Carrethers must prove all of the following against each defendant:

1. That defendant interfered with or attempted to interfere with Carrethers's First Amendment right to criticize the police by threatening or committing violent acts;

2. That defendant injured Carrethers to retaliate against Carrethers for having exercised his First Amendment right to criticize the police;

3. That Carrethers was harmed; and

4. That defendant's conduct was a substantial factor in causing Carrethers's harm.

Authority: CACI 3025; Cal. Civ. Code Section 52.1

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 32**

**BATTERY BY POLICE OFFICER**

Plaintiff Kenneth Carrethers claims that defendant Johannes Mehserle used unreasonable force to arrest him.  To establish this claim, Carrethers must prove all of the following:

    1.    Mehserle intentionally touched Carrethers;

    2.    Mehserle used unreasonable force against him;

    3.    Carrethers did not consent to the use of that force;

    4.    Carrethers was harmed; and

    5.    Mehserle's use of unreasonable force was a substantial factor in causing Carrethers's harm.

A police officer may use reasonable force to arrest or detain a person when he has reasonable cause to believe that the person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether Mehserle used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Mehserle's position under the same or similar circumstances.  You should consider, among other factors, the following:

    (a)    The seriousness of the crime Carrethers was alleged to have committed;

    (b)    Whether Carrethers reasonably appeared to pose an immediate threat to the safety of Mehserle or others; and

    (c)    Whether Carrethers was actively resisting or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

Authority: CACI 1305

Court Notes: The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. 33**

**DEFINITION OF "SUBSTANTIAL FACTOR" UNDER CALIFORNIA LAW**

Under California law, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.


Authority: CACI 430

Court Notes: The parties have stipulated to this instruction.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 34**

**STRONG EVIDENCE**

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

Authority: CACI 203; *Mihara v. Dean Witter & Co., Inc.*, 619 F.2d 814, 824 (9th Cir. 1980) (affirming plaintiff's verdict and holding there was no instructional error for the jury to consider the failure to explain or deny inferences, weaker evidence and willful suppression.  "This argument is apparently a byproduct of appellants' claim that plaintiff failed to introduce any evidence to support his claim.  Since there were numerous exhibits and extensive testimony in this trial, this instruction was clearly proper.").

**JURY INSTRUCTION NO. 35**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on any of plaintiff's claims, you must determine plaintiff's damages with respect to that/those claim(s). The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants. You should consider the following:

    1.    The nature and extent of the injuries;

    2.    The disability, disfigurement, and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

    3.    The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

    4.    The reasonable value of necessary medical care, treatment, and services received to the present time; and

    5.    The reasonable value of wages, earnings, and employment lost to the present time.

It is for you to determine what damages, if any, have been proven.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: 9th Cir. Model Civil Jury Instruction No. 5.1, 5.2.

Court Notes: The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 36**

**PUNITIVE DAMAGES - FEDERAL CLAIMS**

This Instruction applies only to plaintiff's federal claims (1) for excessive force in violation of the Fourth Amendment to the U.S. Constitution, alleged against Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner and Robert Haney, and (2) for malicious prosecution, alleged against Johannes Mehserle only.

If you find for the plaintiff, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate on federal claims, you should so indicate on the verdict form.  The Court will determine the next step.

You may impose punitive damages against one or more of the defendants and not others.

Authority: Model 9th Circuit Jury Instruction No. 5.5

**JURY INSTRUCTION NO. 37**

**PUNITIVE DAMAGES - STATE CLAIMS**

This Instruction applies only to plaintiff's state-law claims (1) for violation of California Civil § 52.1 (interference with freedom of speech), alleged against defendants Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner and Robert Haney, and (2) for battery, alleged against defendant Johannes Mehserle only.

If you decide that one or more of the defendants' conduct caused plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if plaintiff proves by clear and convincing evidence that the defendants engaged in that conduct with malice, oppression, despicable conduct, or fraud.

"Malice" means that the defendant(s) acted with intent to cause injury or that the defendant(s)'s conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that the defendant(s)'s conduct was despicable and subjected plaintiff to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that the defendant(s) intentionally misrepresented or concealed a material fact and did so intending to harm plaintiff.

If you decide to award punitive damages under state claims, you should so indicate on the verdict form. The Court will determine the next step.

Punitive damages may not be used to punish the defendant(s) for the impact of his alleged misconduct on persons other than plaintiff.

Authority: CACI 3940

**JURY INSTRUCTION NO. 38**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.1.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**JURY INSTRUCTION NO. 39**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.2.

Court Notes: The Court has identified this instruction as one to be given absent objection.

**JURY INSTRUCTION NO. 40**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Authority: 9th Cir. Model Civil Jury Instruction No. 3.3.

Court Notes: The Court has identified this instruction as one to be given absent objection.