UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH CARRETHERS,

        Plaintiff,

    v.

BAY AREA RAPID TRANSIT, et al.,

        Defendants.
_____/

No. C-09-1101 EMC

**ORDER RE COURT'S PROPOSED INSTRUCTIONS ON QUALIFIED IMMUNITY**

        On November 17, 2011, the parties met with Court staff to discuss their respective positions regarding qualified immunity. The parties met and conferred regarding various options for addressing qualified immunity, including the use of special interrogatories or a stipulated instruction on qualified immunity. Based on the parties' submissions, *see* Docket Nos. 83, 84, and discussion with Court staff, the Court hereby enters the following Order and proposed instructions and interrogatories to the jury on qualified immunity.

        The parties are to meet and confer and attempt to reach agreement on the issue. The parties shall file any objections to the Court by 6:00 p.m., November 28, 2011.

## I. QUALIFIED IMMUNITY

        Plaintiff argues that an instruction on qualified immunity is unnecessary in any form–including through the use of special interrogatories–because the jury's only role is to determine whether there is a constitutional violation. *See Tortu v. Las Vegas Metropolitan Police Dept.*, 556 F.3d 1075, 1085 (9th Cir. 2009) ("[A] qualified immunity analysis consists of two steps. The first step analyzes whether a constitutional right was violated, which is a question of fact. The

second examines whether the right was clearly established, which is a question of law. Step two serves the aim of refining the legal standard and is solely a question of law for the judge."); *Hunter v. Bryan*, 502 U.S. 224, 227-28 (1991). However, the Ninth Circuit has made clear that "when [qualified immunity] depends on genuinely disputed issues of material fact, the court must submit the fact-related issues to the jury." *Ortega v. O'Connor*, 146 F.3d 1149, 1155-59 (9th Cir. Cal. 1998); *see also Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008) (noting that where "historical facts material to the qualified immunity determination are in dispute," a jury must decide those facts). In effect, "when a case proceeds to trial qualified immunity can no longer rightly be called an 'immunity from suit' (since the suit has already proceeded to its conclusion); rather, it is now effectively a defense." *Torres*, 548 F.3d at 1211 n.9 (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1468 n.6 (9th Cir.1994)).

In the instant case, historical facts are in dispute as to what transpired between Plaintiff Carrethers and the Defendant Officers, and those disputes are material to the qualified immunity analysis. For example, while Plaintiff argues that he was merely exercising his First Amendment right to criticize the police, Defendants contend he was threatening violence and appeared to be preparing to attack an officer. Plaintiff claims he did not resist arrest, while Defendants claim he actively resisted. Which version of the facts the jury believes will inform whether the officers' conduct was objectively reasonable. *See Torres*, 548 F.3d at 1211 ("[H]istorical facts material to the qualified immunity determination are in dispute," including "whether it was reasonable for the detectives to believe that in the group photo Torres was making a gang sign despite the fact that only one of Torres' fingers is visible in the photo."); *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1218 (10th Cir. 2008) (noting that in an excessive force case, "[t]he plaintiff maintained that a police officer hit him with the butt of his handgun in a hasty attempt to knock down a door, while the officer claimed that he knocked, announced himself, waited twelve to fifteen seconds, and then shoved the door open with his shoulder. Which version of these facts was to be believed was . . . clearly dispositive of whether the officer's conduct was objectively reasonable.") (citing *Trujillo v. Large*, 165 Fed. Appx. 619 (10th Cir. Feb.1, 2006)); *Pouillon v. City of Owosso*, 206 F.3d 711, 717 (6th Cir. 2000) (finding that "whether Pouillon's protest, in the manner it was actually being

conducted, was impeding access to city hall such that it was reasonable to require him to move" was a factual question to be submitted to the jury).

When factual disputes are material to qualified immunity, there is some confusion and debate among courts as to whether the jury can decide whether the defendants' conduct was objectively reasonable. *Compare Littrell v. Franklin*, 388 F.3d 578, 585 (8th Cir.2004) ("Where, as in this case, factual questions prevent a district court from ruling on the issue of qualified immunity, it is appropriate to tailor special interrogatories specific to the facts of the case."); *with McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000) ("[I]f the [qualified immunity] issue is not decided until trial the defense goes to the jury which must then determine the objective legal reasonableness of the officers' conduct."); *Green v. City of New York*, 465 F.3d 65, 83 (2d Cir. 2006) ("If there is a material question of fact as to the relevant surrounding circumstances, the question of objective reasonableness is a question for the jury.").

While the Ninth Circuit has never conclusively resolved this question, *see Torres*, 548 F.3d at 1210-11, it has permitted the jury to determine qualified immunity when the parties so stipulate. In *Ortega*, for example, the court allowed a reasonableness instruction to which the parties had stipulated. *Ortega v. O'Connor*, 146 F.3d 1149, 1155-56 (9th Cir. 1998).

> [The Defendants] contend that any actions they took relative to the search of the Plaintiff's office were justified by their reasonable belief that these actions were permitted or required and, therefore, were lawful.
>
> ....
>
> If a Defendant reasonably believed that a search or seizure was lawful, and acted on the basis of that belief, then his reasonable belief would constitute a complete defense to the Plaintiff's claim even though, in fact, the search or seizure was not lawful. Put another way, even if you find that a Defendant violated Plaintiff's constitutional rights by an unlawful search or seizure the Defendant cannot be liable if he reasonably believed at the time he acted that his actions were in accordance with the law.
>
> But keep in mind that this reasonableness inquiry is an objective one. [The question is whether a] reasonable officer under those same circumstances would believe that he had a basis, a reasonable basis for searching consistent again with these instructions.

3

1 *Id.* The Ninth Circuit held that "the district court's 'extra' reasonableness test, which the parties both requested in the jointly proposed jury instructions, constituted an appropriate and proper instruction to the jury on the second prong of the defendants' qualified immunity defense-whether a reasonable state official could have believed his conduct was lawful-the prong as to which the existence of factual disputes requires the jury's determination." *Id.* at 1156.

Absent a stipulation, special interrogatories are the appropriate method to resolve qualified immunity at trial. *See Astudillo v. County of L.A.*, 2005 U.S. Dist. LEXIS 45936, 3-4 (C.D. Cal. Apr. 18, 2005) ("The Ninth Circuit has not definitively ruled whether qualified immunity is an issue to be decided by a judge or a jury, but has noted that regardless of who makes the determination on immunity, the jury must make the underlying factual findings. Accordingly, the Court finds that the jury must decide the disputed foundational facts, but that qualified immunity is a matter of law for the Court to decide in this case.") (internal citations omitted); *Wilson v. Maricopa County*, 484 F. Supp. 2d 1015, 1020 (D. Ariz. 2006) ("The Court could not conclude on the basis of undisputed facts that a reasonable sheriff in Defendant Arpaio's position could have made a mistake as to what the law required with respect to the safety of inmates at Tent City. The disputed facts must therefore be resolved by a jury.") (internal citations omitted). Most helpful for the instant case, the District of Arizona raised the following disputed facts that could be submitted to the jury:

> Because Plaintiff and the Defendants offer varying accounts of the events surrounding Plaintiff's arrest – namely *whether Plaintiff resisted arrest, whether she intentionally caused herself to fall, whether the officers intentionally and unreasonably dropped her "face down to the ground," intentionally and unreasonably dragged her on her knees on the hot September Phoenix asphalt pavement, and unreasonably placed her in handcuffs that were excessively tight for an unreasonable period of time* – the Court finds that summary judgment as a matter of law is inappropriate. How these facts are resolved by the jury through the use of special interrogatories will determine whether the officers' actions constituted excessive force in violation of the Fourth Amendment and whether the officers are entitled to qualified immunity as a matter of law. *See Littrell v. Franklin*, 388 F.3d 578 (8th Cir. 2004) (district court improperly submitted the legal question of qualified immunity to the jury); *accord Alvarado v. Picur*, 859 F.2d 448, 451 (7th Cir. 1988) (rejecting a jury instruction that told jurors the defendants would be immune from suit if their actions did not violate clearly established law, reasoning "[h]ow was the jury supposed to determine the law on the dates in question? And, if the jury somehow could determine the law on the

dates in question, how was it supposed to determine if that law was 'clearly established'?").

*Burnett v. Bottoms*, 368 F. Supp. 2d 1033, 1042-43 (D. Ariz. 2005) (emphasis added). Accordingly, guided by *Torres* and additional case law cited above, the Court proposes a list of special interrogatories below should the parties decide to address qualified immunity in this manner.

## II. SPECIAL INTERROGATORIES

A. <u>JURY INSTRUCTION NO. \_\_\_ – SPECIAL INTERROGATORIES</u>

In the event you find any of the individual defendants violated Plaintiff Carrethers's constitutional rights to be free from (1) excessive force in violation of the Fourth Amendment (alleged against all defendants), or (2) malicious prosecution (alleged against Johannes Mehserle only), the Court is required to make additional determinations. To assist in those determinations, the verdict form contains special interrogatories (*i.e.*, questions) that the jury must answer. There must be unanimous agreement on each of the answers.

B. <u>PROPOSED VERDICT FORM</u>

SPECIAL INTERROGATORIES [To be included as a separate page at the back of the verdict form]

If you have found that at least one of the officer defendants violated Plaintiff Carrethers's constitutional rights to be free from (1) excessive force (Question \_\_, above), or (2) malicious prosecution (Question \_\_, above), the Court is required to make additional determinations. Please answer <u>all</u> of the following questions.

1. Did Defendant Mehserle retaliate against Carrethers due to Carrethers's criticism of the police?[1]

    Yes \_\_\_\_\_  No \_\_\_\_\_

2. Before Defendant Mehserle made contact with Plaintiff Carrethers, did Carrethers behave in a manner that would indicate that Carrethers was about to attack Officer Guanzon?

---

[1] The parties stipulated to a version of this proposed question during the November 17, 2011 conference. The initial question stated "any of the officers" instead of "Defendant Mehserle." However, since this interrogatory is only related to the malicious prosecution claim, the Court proposes changing the language to refer only to Mehserle.

Yes _____ No _____

3. After Defendant Mehserle made contact with Carrethers, did Carrethers actively resist arrest?

Yes _____ No _____

   a. If you answered "yes" to Question 3, did the other officers respond with more force than was reasonable and necessary to subdue Carrethers?

Yes _____ No _____

4. Did the officers restrain Carrethers with a hog-tie?

Yes _____ No _____

Dated: November 23, 2011

_____
EDWARD M. CHEN
United States District Judge