**United States District Court**

For the Northern District of California

1

2

3

4

5                 UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8   KENNETH CARRETHERS,               No. C-09-1101 EMC

9           Plaintiff,

                                    **COURT'S FINAL PROPOSED JURY**

10      v.                                    **INSTRUCTIONS**

11   BAY AREA RAPID TRANSIT, *et al.*,

12           Defendants.

13   _____/

14

15       Attached are the Court's final proposed Jury Instructions. The parties shall file any new

16   objections no later than 1:00 p.m., November 29, 2011.

17

18       IT IS SO ORDERED.

19

20   Dated: November 28, 2011

21

22

23                              _____

                                     EDWARD M. CHEN

24                                      United States District Judge

25

26

27

28

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 1**

**PRELIMINARY STATEMENT TO THE JURY**

Plaintiff Kenneth Carrethers encountered Defendant BART Officers Johannes Mehserle, Keith Smith, Bob Haney, Fred Guanzon and Doug Horner at the Coliseum BART station on the night of November 15, 2008.  Plaintiff alleges that he made statements to the Officers which were critical of the BART police, and asserts that as a result of those statements the Officers falsely arrested him and used excessive force against him during the arrest.  Plaintiff further alleges that Defendant Mehserle maliciously prosecuted him and committed battery against him.  Defendants contend that during the encounter Plaintiff mad verbal and physical threats against the Officers, and they therefore had probable cause to arrest Plaintiff.  Defendants further contend that Plaintiff resisted arrest.  Plaintiff denies he threatened any Officers, and denies that he resisted arrest.  All the Defendants deny Plaintiff's allegations.

**JURY INSTRUCTION NO. 2**

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 3**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 4**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**United States District Court**
For the Northern District of California

-5-

**JURY INSTRUCTION NO. 5**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**JURY INSTRUCTION NO. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits which are received into evidence; and

3.    Any facts to which the lawyers have agreed.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 7**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

United States District Court
For the Northern District of California

**JURY INSTRUCTION NO. 8**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**JURY INSTRUCTION NO. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 11**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 12**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 13**

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**United States District Court**

For the Northern District of California

-14-

**JURY INSTRUCTION NO. 14**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 15**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff is pursuing four independent claims against the defendants. *First*, the plaintiff claims that all defendants violated his state-based civil right to be free from violence for exercising his First Amendment right to criticize the police. *Second*, he claims that all defendants violated his civil rights in violation of the Fourth Amendment of the United States Constitution by using excessive force against him on November 15, 2008. *Third*, he claims that defendant Johannes Mehserle committed a battery against him. *Fourth*, he claims that defendant Mehserle violated his civil rights by maliciously prosecuting him criminally in violation of his Fourth Amendment right to be free from excessive force, and, his First Amendment right to criticize the police. The plaintiff has the burden of proving these claims by a preponderance of the evidence.

The defendants deny these claims.

**JURY INSTRUCTION NO. 16**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts to be placed in evidence as an Exhibit. You should therefore treat these facts as having been proved.

1.      Plaintiff's contact with Defendant Officers began on the evening of November 15, 2008 at approximately 10:35 p.m. at the Oakland Coliseum BART station.

2.      Plaintiff's contact with Defendant Officers concluded at approximately 3:30 a.m. on November 16, 2008 when Plaintiff was booked into the Santa Rita Jail Facility located in Dublin, California.

3.      During all interactions with Plaintiff on November 15 and 16, 2008, the individual Defendants were acting in the course and scope of their employment as BART police officers.

4.      Plaintiff made statements to Defendants Mehserle and Horner that were critical of the BART police (the exact nature of the statements is in dispute and to be resolved by the jury).

5.      Plaintiff did not physically touch any BART police officer prior to being grabbed from behind by Defendant Mehserle.

6.      Plaintiff was arrested by BART officers. Defendant Mehserle was the arresting officer.

7.      All of the Defendant officers used force against Plaintiff.

8.      All of the Defendant officers intentionally touched Plaintiff.

9.      Plaintiff did not consent to being touched by Defendants.

10.     Plaintiff suffered injury during the arrest.

11.     Multiple video cameras were present in the Oakland Coliseum BART station on the date of the incident. It is unknown if those cameras captured the subject incident.

12.     Defendant Mehserle knew that the BART station had multiple video cameras in the vicinity of the incidents that gave rise to this arrest, but, did not request that any of the videotape be reviewed or preserved.

13.     To the parties' knowledge, no one requested that video of the incident be reviewed or preserved.

United States District Court

For the Northern District of California

14.   If any video of the incident existed, it was not preserved and is no longer available.

15.   On November 15, 2008, Defendant Mehserle executed a declaration asserting that there was probable cause to believe that Plaintiff violated Penal Code Sections 69 and 148.

16.   Given that Defendant Mehserle was the arresting officer and executed the probable cause declaration supporting arrest, it is not disputed that Mehserle was actively involved in causing Plaintiff to be prosecuted.

17.   Plaintiff was criminally charged with violation of Penal Code section 148(a)(1).

18.   On January 29, 2009, the criminal charges against Plaintiff were dismissed upon motion by the District Attorney due to insufficient evidence.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 16A**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that Mr. Mehserle's deposition did not include any photograph depicting a hog-tie.  You must accept this fact as true.

**JURY INSTRUCTION NO. 17**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 18**

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses.  You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

You may write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I or the attorneys do not ask a proposed question, or if it is rephrased, do not speculate as to the reasons.  Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO. 19
### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed you deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature, including engaging in any form of social media (Twitter, Facebook, or any personal blogging or posting to others' blogs) relating to this case. This applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news of media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 20**

**DUTY OF JURY**

**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 21**

**SECTION 1983 CLAIM – INTRODUCTORY INSTRUCTION**

Plaintiff Kenneth Carrethers brings his claims of excessive force and malicious prosecution under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 22**

**SECTION 1983 – ELEMENTS & BURDEN OF PROOF**

In order to prevail on his § 1983 claims against Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner, and Robert Haney, plaintiff Kenneth Carrethers must prove each of the following elements by a preponderance of the evidence against each defendant:

1.    Each defendant acted under color of law; and

2.    The acts of each defendant deprived the plaintiff of his First and/or Fourth Amendment rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties agree that defendants Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner, and Robert Haney were acting under color of law at all relevant times.

If you find the plaintiff Kenneth Carrethers has proved the second element, and if you find that the plaintiff has proved all the elements he is required to prove under either Instruction __ First Amendment, and/or Instruction __ Fourth Amendment, as to any defendant, your verdict should be for the plaintiff as to that defendant.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements as to any defendant, your verdict should be for that defendant.

**JURY INSTRUCTION NO. 23**

**FIRST AMENDMENT: RETALIATION**

This Instruction applies to plaintiff Carrethers's state-based claim against all defendants for interference with his free speech rights, and to his federal claim against defendant Mehserle for malicious prosecution.

Under the First Amendment, a citizen has the right to criticize the police. In order to prove defendants deprived plaintiff Kenneth Carrethers of this First Amendment right, Carrethers must prove the following additional elements by a preponderance of the evidence:

    1.    Carrethers engaged in speech protected under the First Amendment;

    2.    Defendants took action against Carrethers; and

    3.    Carrethers's protected speech or chilling his protected speech was a substantial or motivating factor for the Defendants' action(s).

I instruct you that plaintiff's speech in this case relating to criticizing the police was protected under the First Amendment and, therefore, the first element requires no proof.

A substantial or motivating factor is a significant factor.

**JURY INSTRUCTION NO. 24**

**PARTICULAR RIGHTS – FOURTH AMENDMENT**

**UNREASONABLE SEIZURE OF PERSON – GENERALLY**

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  In order to prove the Defendants deprived Plaintiff Carrethers of this Fourth Amendment right, he must prove the following additional elements by a preponderance of the evidence:

      1.      Defendants seized the plaintiff's person;

      2.      In seizing the plaintiff's person, Defendants acted intentionally; and

      3.      The seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he or she restrains the plaintiff's liberty by physical force or a show of authority.  A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

      1.      The number of officers present;

      2.      Whether weapons were displayed;

      3.      Whether the encounter occurred in a public or nonpublic setting;

      4.      Whether the officer's manner would imply that compliance would be compelled; and

      5.      Whether the officers advised the plaintiff that he was free to leave.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 25**

**FOURTH AMENDMENT – EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest and/or in defending himself or others.  Thus, in order to prove an unreasonable seizure in this case, plaintiff Kenneth Carrethers must prove by a preponderance of the evidence that Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner, and Robert Haney used excessive force against plaintiff Kenneth Carrethers on November 15, 2008.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the defendants used excessive force in this case, consider all of the circumstances known to the defendants on the scene, including:

1.  The severity of the crime or other circumstances to which the officers were responding;

2.  Whether the plaintiff posed an immediate threat to the safety of the officers or to others;

3.  Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4.  The amount of time and any changing circumstances during which the officers had to determine the type and amount of force that appeared to be necessary;

5.  The type and amount of force used;

6.  The availability of alternative methods to take the plaintiff into custody or to subdue the plaintiff.

**JURY INSTRUCTION NO. 26**

**INTEGRAL PARTICIPATION**

Where the Plaintiff Kenneth Carrethers is unable to identify which defendant police officers engaged in the alleged excessive force, he may establish an officer's liability by showing that the officer was an integral participant in the unlawful conduct.  Integral participation does not require that each officer's actions themselves rise to the level of a constitutional violation.  However, it does require some fundamental involvement in the conduct that allegedly caused the violation.  An officer who is a mere bystander is not an integral participant.

**JURY INSTRUCTION NO. 27**

**CAUSATION**

In order to establish that the acts of the defendants deprived the plaintiff of his particular rights under the United States Constitution as explained in earlier instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

**JURY INSTRUCTION NO. 28**

**SECTION 1983 – MALICIOUS PROSECUTION**

Plaintiff Kenneth Carrethers claims that Johannes Mehserle wrongfully caused a criminal proceeding to be brought against him.  To establish this claim, Carrethers must prove all of the following:

      1.    That Mehserle was actively involved in causing Carrethers to be prosecuted;

      2.    That the criminal proceeding ended in Carrethers's favor;

      3.    That Mehserle lacked probable cause to arrest and prosecute Carrethers.

      4.    That Mehserle acted primarily for a purpose other than to bring Carrethers to justice;

      5.    That Carrethers was harmed; and

      6.    That Mehserle's conduct was a substantial factor in causing Carrethers's harm.

Carrethers must also prove the Mehserle acted with the intent to deprive Carrethers of his rights under the United States Constitution under either: (1) the First Amendment, which prohibits retaliation for criticizing the police; or (2) the Fourth Amendment, which prohibits the use of excessive force.

The Court has already determined that the criminal proceeding was terminated in Plaintiff Carrethers's favor.  Therefore, you must treat element 2 as satisfied.

**JURY INSTRUCTION NO. 29**

**PROBABLE CAUSE TO ARREST & PROSECUTE**

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer – in this case, Johannes Mehserle – had probable cause to believe the plaintiff had committed or was committing a crime.

In order to prove Plaintiff Kenneth Carrethers's malicious-prosecution claim against Johannes Mehserle, Carrethers must prove by a preponderance of the evidence that he was arrested and prosecuted without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

The only crime for which Carrethers was prosecuted was resisting arrest, meaning that only this crime is directly applicable to Carrethers's claim for malicious prosecution. Whether Mehserle had probable cause to believe that Carrethers resisted arrest depends in part on whether Mehserle had probable cause to initiate the arrest that he claims Carrethers resisted. Therefore, you must consider two steps to determine whether Mehserle had a lawful basis to arrest and prosecute Carrethers for resisting arrest:

**STEP 1:**

Mehserle claims that he initiated the arrest of Carrethers for the separate offense of threatening a police officer. Under California law, Mehserle had probable cause to arrest Carrethers for threatening a police officer if Mehserle had probable cause to believe both of the following were true:

1.    Carrethers willfully and unlawfully used violence or a threat of violence to try to prevent or deter a police officer from performing the officer's lawful duty.

2.    Carrethers intended to prevent or deter the officer from performing the officer's lawful duty. Someone commits an act willfully when he or she does it willingly or on

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    purpose.  A threat may be oral or written and may be implied by a pattern of conduct
2    or a combination of statements and conduct.

3    If Mehserle did not have probable cause to believe both 1 and 2 above were true, he did not
4    have a lawful basis to arrest Carrethers for threatening an officer.

5

6    **STEP 2:**

7    Once Mehserle initiated the arrest of Carrethers (step 1 above), Mehserle also claims he had
8    probable cause to believe that Carrethers resisted arrest.

9    Under California law, Mehserle had probable cause to arrest Carrethers for resisting arrest if
10   if Mehserle had probable cause to believe all of the following were true:

11   1.    Carrethers knew, or reasonably should have known, that Mehserle was a police
12         officer performing or attempting to perform his duties.

13   2.    Mehserle was lawfully performing his duties.  However, a police officer is not
14         lawfully performing his duties if (a) he arrests someone without probable cause (see
15         step 1 above); or (b) uses unreasonable or excessive force in making the arrest.

16   3.    Carrethers willfully and unlawfully resisted arrest.  However, if the police officer in
17         this case used unreasonable or excessive force while arresting or attempting to arrest
18         Carrethers, Carrethers was entitled to use reasonable force to defend himself.  To
19         constitute reasonable force in defending against the police use of unreasonable or
20         excessive force, Carrethers must have:

21         a.    Used that degree of force that he actually believed was reasonably necessary
22               to protect himself from the officers' use of unreasonable or excessive force;
23               and

24         b.    Used no more force than a reasonable person in the same situation would
25               believe is necessary for his protection.

26   If Mehserle did not have probable cause to believe each point within Step 2 (points 1, 2,
27   AND 3 above) was true, he did not have a lawful basis to arrest Carrethers for resisting arrest.

28

**JURY INSTRUCTION NO. 30**

**SPECIAL INTERROGATORIES**

In the event you find any of the individual defendants violated Plaintiff Carrethers's constitutional rights to be free from (1) excessive force in violation of the Fourth Amendment (alleged against all defendants), or (2) malicious prosecution (alleged against Johannes Mehserle only), the Court is required to make additional determinations. To assist in those determinations, the verdict form contains special interrogatories (*i.e.*, questions) that the jury must answer. There must be unanimous agreement on each of the answers.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 31**

**BANE ACT – CALIFORNIA CIVIL CODE SECTION 52.1**

Kenneth Carrethers claims that defendants Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner, and Robert Haney intentionally interfered with or attempted to interfere with his civil rights by threatening or committing violent acts.  To establish this claim, Carrethers must prove all of the following against each defendant:

1.   That defendant interfered with or attempted to interfere with Carrethers's First Amendment right to criticize the police by threatening or committing violent acts;

2.   That defendant injured Carrethers to retaliate against Carrethers for having exercised his First Amendment right to criticize the police;

3.   That Carrethers was harmed; and

4.   That defendant's conduct was a substantial factor in causing Carrethers's harm.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 32**

**BATTERY BY POLICE OFFICER**

Plaintiff Kenneth Carrethers claims that defendant Johannes Mehserle used unreasonable force to arrest him.  To establish this claim, Carrethers must prove all of the following:

  1. Mehserle intentionally touched Carrethers;

  2. Mehserle used unreasonable force against him;

  3. Carrethers did not consent to the use of that force;

  4. Carrethers was harmed; and

  5. Mehserle's use of unreasonable force was a substantial factor in causing Carrethers's harm.

The parties have stipulated that elements 1 & 3 have been satisfied..

A police officer may use reasonable force to arrest or detain a person when he has reasonable cause to believe that the person has committed a crime.  Even if the police officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether Mehserle used unreasonable force, you must determine the amount of force that would have appeared reasonable to a police officer in Mehserle's position under the same or similar circumstances.  You should consider, among other factors, the following:

  (a) The seriousness of the crime Carrethers was alleged to have committed;

  (b) Whether Carrethers reasonably appeared to pose an immediate threat to the safety of Mehserle or others; and

  (c) Whether Carrethers was actively resisting or attempting to evade arrest.

A police officer who makes or attempts to make an arrest is not required to retreat or cease from his or her efforts because of the resistance or threatened resistance of the person being arrested.

**JURY INSTRUCTION NO. 33**

**DEFINITION OF "SUBSTANTIAL FACTOR" UNDER CALIFORNIA LAW**

Under California law, a substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

**JURY INSTRUCTION NO. 34**

**STRONG EVIDENCE**

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 35**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff on any of plaintiff's claims, you must determine plaintiff's damages with respect to that/those claim(s).  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.  You should consider the following:

    1.    The nature and extent of the injuries;

    2.    The disability, disfigurement, and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

    3.    The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

    4.    The reasonable value of necessary medical care, treatment, and services received to the present time; and

    5.    The reasonable value of wages, earnings, and employment lost to the present time.

It is for you to determine what damages, if any, have been proven.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 36**

**PUNITIVE DAMAGES - FEDERAL CLAIMS**

This Instruction applies only to plaintiff's federal claims (1) for excessive force in violation of the Fourth Amendment to the U.S. Constitution, alleged against Johannes Mehserle, Fred Guanzon, Keith Smith, Douglas Horner and Robert Haney, and (2) for malicious prosecution, alleged against Johannes Mehserle only.

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate on federal claims, you should so indicate on the verdict form. The Court will determine the next step.

You may impose punitive damages against one or more of the defendants and not others.

**JURY INSTRUCTION NO. 37**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 38**

**COMMUNICATION WITH COURT**

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 39**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.