DALE L. ALLEN, # 145279,
dallen@lowball.com
DIRK D. LARSEN, # 246028,
dlarsen@lowball.com
KEVIN P. ALLEN, # 252290,
kallen@lowball.com
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Defendants
BAY AREA RAPID TRANSIT DISTRICT,
J. MEHSERLE, F. GUANZON, K. SMITH,
D. HORNER and R. HANEY

JOHN HOUSTON SCOTT, # 72578
LIZABETH N. DE VRIES, # 227215
SCOTT LAW FIRM
1388 Sutter Street, Suite 715
San Francisco, CA 94109
Tel.: (415) 561-9600
Fax: (415) 561-9609
Email: john@scottlawfirm.net
Email: liza@scottlawfirm.net

CHRIS B. DOLAN, # 165358
ANNE CASEY COSTIN, # 260126
DOLAN LAW FIRM
1438 Market Street
San Francisco, CA 94102
Tel.: (415) 421-2800
Fax: (415) 421-2830
Email: chris@cbdlaw.com
Email: anne.costin@cdblaw.com

Attorneys for Plaintiff
KENNETH CARRETHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CARRETHERS, | Case No. CV 09 1101 EMC |
| Plaintiff, | STIPULATION TO ENLARGE TIME FOR THE HEARING, OPPOSITION AND REPLY RE: PLAINTIFF'S MOTION FOR NEW TRIAL AND MOTION FOR TAXATION OF COSTS |
| vs. | |
| BAY AREA RAPID TRANSIT DISTRICT, J. MEHSERLE, F. GUANZON, K. SMITH, D. HORNER, R. HANEY and DOES 1-25, inclusive, | ORDER |
| Defendants. | |

Pursuant to Civil L.R. 6-2, defendants BAY AREA RAPID TRANSIT DISTRICT, J. MEHSERLE, F. GUANZON, K. SMITH, D. HORNER and R. HANEY (collectively "Defendants"), and plaintiff KENNETH CARRETHERS ("Plaintiff"), by and through their respective counsel, hereby stipulate as follows and respectfully request that the Court enter an order pursuant to their stipulation:

1. That the hearing of Plaintiff's Motion for New Trial (Doc. No. 117) and of Plaintiff's Motion for Taxation of Costs (Doc. No. 118), currently scheduled for February 17, 2012, at 1:30 p.m.,

-1-

be continued to March 16, 2012, at 1:30 p.m., or as soon thereafter as may be heard by the Court, in Courtroom 5 of the above-entitled Court;

    2.    That the deadline for Defendants' oppositions to Plaintiff's Motion for New Trial and Motion for Taxation of Costs, currently scheduled as January 23, 2012, be continued to February 24, 2012;

    3.    That the deadline for Plaintiff's replies to Defendants' oppositions, currently scheduled as January 30, 2012, be continued to March 2, 2012.

The reasons for the requested enlargement of time are set forth in the Declaration of Dirk D. Larsen below.

IT IS SO STIPULATED.

Dated: January 18, 2012.

        LOW, BALL & LYNCH

        By   s/ Dirk D. Larsen
            DALE L. ALLEN, JR.
            DIRK D. LARSEN
            KEVIN P. ALLEN
            Attorneys for Defendants
            BAY AREA RAPID TRANSIT DISTRICT,
            J. MEHSERLE, F. GUANZON, K. SMITH,
            D. HORNER and R. HANEY

Dated: January 18, 2012.

        DOLAN LAW FIRM

        By   s/ Anne Casey Costin
            CHRIS B. DOLAN
            ANNE CASEY COSTIN
            Attorneys for Plaintiff
            KENNETH CARRETHERS

///

///

///

**DECLARATION OF DIRK D. LARSEN IN SUPPORT OF STIPULATION**

I, DIRK D. LARSEN, declare as follows:

1. I have personal knowledge of the following facts, and could and would testify competently thereto.

2. I am an attorney at law duly licensed to practice before all courts of the State of California and the U.S. District Court for the Northern District of California, and am employed as an associate with the law firm of Low, Ball & Lynch, attorneys of record herein for defendants BAY AREA RAPID TRANSIT DISTRICT, J. MEHSERLE, F. GUANZON, K. SMITH, D. HORNER and R. HANEY.

3. I have reviewed Plaintiff's Motion for New Trial (Doc. 117), filed in this matter on January 9, 2012. According to my review, Plaintiff seeks a new trial of his claim for excessive force in violation of the Fourth Amendment, brought pursuant to 42 U.S.C. § 1983, based on the theory that the clear weight of the evidence at trial showed that the defendant officers "hog-tied" Plaintiff and that a "hog-tie" constitutes excessive force.

4. I attended the trial of this matter from November 21 through December 1, 2012, and took notes of the proceedings. According to my recollection and notes, the following witnesses gave testimony regarding (1) what constitutes a "hog-tie;" (2) permissible and impermissible forms of restraining suspects under various circumstances; and/or (3) the manner in which Plaintiff was restrained: Chief Gary Gee, Heath Cunningham, Lila Dinkins, Officer Frederick Guanzon, Officer Douglas Horner, Johannes Mehserle, Officer Robert Haney, Lt. Roger Clark, Plaintiff, Lt. Keith Smith and Sgt. Eugene Wong.

5. Defendants' opposition to Plaintiff's Motion for New Trial is currently due on January 23, 2012, pursuant to the Court's notice of January 11, 2012. On January 10, 2012, I contacted the court reporter for the trial proceedings, Belle Ball, to inquire about obtaining transcripts of the witnesses' testimony. As of that time, my office had already obtained the transcript of Chief Gee's testimony, and on January 10, Ms. Ball forwarded to my office the other transcripts that had already been prepared: those for the testimony of Mr. Cunningham and Ms. Dinkins. Ms. Ball informed me that she had just begun a four-month antitrust trial and thus estimated a 30-60-day turnaround for the

remaining transcripts. On January 13, 2012, Ms. Ball informed me that she could provide the remaining transcripts within 14 days of receipt of payment for rush processing, and within 30 days for normal processing.

6.  I have met and conferred with Anne Costin of the Dolan Law Firm, attorneys for Plaintiff, regarding stipulating to certain aspects of the defendant officers' testimony for purposes of Plaintiff's motion in order to minimize the number of trial transcripts necessary. However, beyond any such stipulation, Defendants still require the complete transcripts for Lt. Clark, Sgt. Wong and Plaintiff, as well as any defendant-officer transcripts that may be necessary, in order to adequately prepare an opposition to Plaintiff's motion. Because that motion is based on assertions regarding the clear weight of the evidence, and because those witnesses provided evidence regarding appropriate forms of restraint and the manner of Plaintiff's restraint, Defendants require the transcripts in order to submit to the Court the entirety of the relevant evidence in their opposition. Defendants would be severely prejudiced if the dates of the opposition and hearing were not continued, as they would be unable to present relevant evidence in opposition to Plaintiff's motion so as to allow the Court to make an informed ruling.

7.  On January 9, 2012, Plaintiff also filed a Motion for Taxation of Costs (Doc. No. 118), following Defendants' Bill of Costs filed on December 28, 2011 (Doc. No. 116). The opposition, reply and hearing dates for the Motion for Taxation of Costs are the same as those for the Motion for New Trial. Continuing those dates in accordance with the requested continuance of the dates for the Motion for New Trial would promote the interests of efficiency and economy for the Court and the parties.

8.  Pursuant to Civil L.R. 6-2(a)(2), the following time modifications have previously been made in this case: on October 8, 2009, a case management conference was continued from November 16, 2009, to January 11, 2010, pursuant to the clerk's notice (Doc. No. 19); on November 18, 2009, the Court entered a stipulated order amending pretrial deadlines (Doc. No. 23); on November 23, 2009, the previously set trial dates were vacated and a case management conference was set for March 22, 2010, pursuant to Court order (Doc. No. 24); on November 9, 2010, Defendants continued the hearing of their motion for partial summary judgment from December 13, 2010, to January 24, 2011, pursuant to instruction from the Court (Doc. No. 38); on July 1, 2011, the Court entered a Case Management

1  Scheduling Order setting trial and pretrial dates.

2      9.    Pursuant to Civil L.R. 6-2(a)(3), I am unaware of any other hearings or proceedings that would be affected by the enlargement of time requested in the above stipulation.

    I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my personal knowledge.

    Executed this 18th day of January, 2012, in San Francisco, California.

                          s/ Dirk D. Larsen
                          DIRK D. LARSEN

## [PROPOSED] ORDER

    Pursuant to the stipulation of the parties herein, it is HEREBY ORDERED:

    1.    That the hearing of Plaintiff's Motion for New Trial (Doc. No. 117) and of Plaintiff's Motion for Taxation of Costs (Doc. No. 118), currently scheduled for February 17, 2012, at 1:30 p.m., is continued to March 16, 2012, at 1:30 p.m., in Courtroom 5 of the above-entitled Court;

    2.    That the deadline for Defendants' oppositions to Plaintiff's Motion for New Trial and Motion for Taxation of Costs, currently scheduled as January 23, 2012, is continued to February 24, 2012;

    3.    That the deadline for Plaintiff's replies to Defendants' oppositions, currently scheduled as January 30, 2012, is continued to March 2, 2012.

    IT IS SO ORDERED.

    Dated:  1/20/12  .

*IT IS SO ORDERED*
*Judge Edward M. Chen*
(United States District Court, Northern District of California seal)

-5-